NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : Crim. No. 03-661 (SRC) |
| v. | : |
| | : **OPINION & ORDER** |
| BURLESS ANDERSON, | : |
| | : |
| Defendant. | : |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Defendant Burless Anderson ("Defendant" or "Anderson") for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [docket item # 18]. In particular, Anderson seeks a reduction based on the retroactive applicability of revised sentencing guidelines for offenses involving cocaine base, i.e., crack cocaine, as set forth in U.S.S.G. § 1B1.10 and § 2D1.1. The Court has considered Anderson's papers, as well as the opposition submitted by the United States of America. For the reasons discussed below, the Court will deny Defendant's motion.

I. **BACKGROUND**

Anderson pled guilty to a one-count indictment, charging that he possessed with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). This conviction carried a mandatory minimum sentence of 10 years a maximum sentence of life. 21

U.S.C. § 841(b)(1)(A).  The parties stipulated in the plea agreement that the applicable sentencing guideline was U.S.S.G. § 2D1.1(c)(2).  Based on the amount of crack cocaine involved in the offense, Defendant's acceptance of responsibility for the crime and his criminal history, the applicable sentencing guideline range under the United States Sentencing Guideline in effect at the time (November 1, 2003 version) called for 262 to 327 months' imprisonment.  At the sentencing hearing, however, the Court granted a downward departure of the sentence pursuant to U.S.S.G. § 5K1.1.  On January 13, 2005, the Court ordered a sentence of 120 months, the statutory minimum sentence for Anderson's crime.

After this Court sentenced Anderson, the United States Sentencing Commission amended Section 2D1.1 of the sentencing guidelines to reduce the base offense levels for most quantities of crack cocaine by two levels.  The Sentencing Commission included the amendment in its list of guideline amendments which may be applied retroactively, set forth in Section 1B1.10(c) of the Guidelines.

On September 29, 2008, Anderson filed this motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c), seeking relief under the retroactively applicable sentencing amendment.

**II.    DISCUSSION**

Modification of a term of imprisonment is governed by 18 U.S.C. § 3582(c)(2).  It provides that

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or

> on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The Court sentenced Anderson based on the statutory minimum sentence for his offense, not on a sentencing range that was subsequently lowered by the Sentencing Commission, rendering him ineligible for relief under § 3582(c). Moreover, the reduction sought by Defendant is inconsistent with the Sentencing Commission's stated policy. The Sentencing Commission has explicitly stated that a sentence reduction under the amended crack cocaine sentencing guidelines would contravene policy if it the amendment would not lower the applicable guideline range due to operation of a statutory minimum term of imprisonment. U.S.S.G. § 1B1.10 app. note 1(A). It has further stated that, under such circumstances, "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)." Id. Section 3582(c)(2) simply "confers no power on the district court to reduce a minimum sentence mandated by statute." United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994).

Accordingly,

**IT IS** on this 31st day of October, 2008,

**ORDERED** that Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [docket item #18] be and hereby is **DENIED**.

                                    s/ Stanley R. Chesler
                                    STANLEY R. CHESLER
                                    United States District Judge